IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSETTA APPLEWHITE-TOWNSEND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 08-C-5519 |
| | ) | |
| VILLAGE OF MAYWOOD, YVETTE DANIEL, and CHRIS BUTLER, | ) | Honorable David H. Coar |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rosetta Applewhite-Townsend brings an action against Defendants Yvette Daniel, Chris Butler, and the Village of Maywood for civil rights violations pursuant to 42 U.S.C. §1983, alongside various state law claims. Before the Court is Defendants' motion to dismiss the Village of Maywood from Counts I, II, IV, and V of Plaintiff's complaint, and to dismiss Counts III and VI in their entirety. For the reasons stated below, the motion is GRANTED in part, and DENIED in part.

I.  Background

On November 8, 2006, Plaintiff was walking her dog when she noticed her former boyfriend Jonathan Hill on the sidewalk in front of her home. Hill had moved out of Plaintiff's

1

home the previous day under police escort, as per her request. After Plaintiff took in her dog, she seated herself on her front porch and saw Hill flag down a patrol car, operated by Officer Chris Butler. After Hill and Officer Butler conversed, another squad car, driven by Officer Yvette Daniel, pulled up behind Butler's vehicle. Officer Daniel allegedly joined the discussion, then approached Plaintiff on the porch and asked if she had a gun in the house. Plaintiff responded to Officer Daniel's ensuing line of questioning by affirming her possession of a gun and an FOID card. Plaintiff also explained the events of the previous day. Officer Daniel then walked down to the front landing and asked Plaintiff to follow her. After a brief exchange as to why this was necessary, Plaintiff stated that she intended to get her FOID card. Plaintiff started walking towards Officer Daniel, but backed away when Daniel allegedly reached for Plaintiff's pocket. Plaintiff then turned and began walking up her driveway to get her paperwork. Plaintiff alleges that while her back was turned, Officer Daniel delivered a blow that rendered Plaintiff unconscious. When Plaintiff came to, Daniel was allegedly lying on top of her and digging a fingernail into Plaintiff's face.

After Plaintiff began to shout, her sister, Arnita Evans, came out of the house and yelled at Officer Butler to get Officer Daniel off Plaintiff. While Officer Butler went after Evans, Officer Daniel allegedly pressed her upper body into Plaintiff's face, smothering Plaintiff and causing her to squirm for air. Officer Daniel also allegedly grabbed Plaintiff by the hair while pinning her right arm in a contorted and painful position beneath her. Plaintiff reacted by grabbing Daniel's hair with her left arm.

Other officers arrived shortly thereafter and separated Plaintiff from Daniel. They turned Plaintiff over and handcuffed her behind her back. Plaintiff alleges that Officer Daniel then

slammed Plaintiff's face into the ground, injuring her chin, and punched Plaintiff on the left side of her head four or five times. Plaintiff was allegedly bleeding at this point.

Plaintiff, Evans, and Plaintiff's daughter Timisha Applewhite were arrested and taken to the Maywood Police Station. Before leaving the scene, Officer Daniel allegedly entered Plaintiff's household without a warrant and removed her gun. Plaintiff alleges that, despite being the legal, registered owner of the gun, it was never returned to her, nor has she received a receipt for it.

Upon her request, Plaintiff was eventually taken to Westlake Hospital in Melrose Park, where she was treated for multiple contusions and abrasions, trauma to her right shoulder, and injuries to her head and hands. Plaintiff was then returned to the police station lock-up. After Plaintiff's pain increased, she requested to be taken back to the hospital. Officer Daniel allegedly entered the lock-up and denied her request. Plaintiff tried to get further medical treatment by making calls on a pay phone to an ambulance service and her family. Plaintiff alleges that she was taken back to the hospital only after an attorney hired by her mother came to the station to make the request on Plaintiff's behalf.

Plaintiff was booked, charged with aggravated battery and resisting arrest, and released on a $5,000 bond. During her three days in custody, Plaintiff was allegedly denied her medication for depression and post-traumatic stress disorder (resulting from a traumatic incident that occurred while Plaintiff was in the armed forces), denied sufficient food and water, and continually mocked by Maywood police officers. Plaintiff's sister, Helen Pritchett, allegedly brought Plaintiff's medication, food, and water to the police station, but was prevented from delivering these items by police officers. Plaintiff also alleges that she had no running water due

to a broken sink, and that she burned her hand twice on the hot water that flushed through the metal toilet.

Plaintiff went to trial on the charges against her on September 8, 2008. Plaintiff alleges that Officer Daniel filed the charges falsely and falsely testified against her in court. Plaintiff was ultimately acquitted of all charges.

### II.     Standard of Review

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir.1996). To survive the motion, a complaint need only describe the claim in sufficient detail to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A plaintiff's factual allegations must suggest a plausible, rather than merely speculative, entitlement to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic*, 550 U.S. at 555. That is, the complaint must present "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Twombly*, 550 U.S. at 556. In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

### III.     Analysis

Plaintiff brings Counts I (excessive force), II (false detention, arrest, and imprisonment), IV (unlawful search and seizure), and V (failure to intervene) pursuant to 42 U.S.C. § 1983. Defendants move to dismiss these claims as they pertain to the Defendant Village of Maywood, on the grounds that the Village is improperly named in all counts brought under § 1983.

Plaintiff in her response acknowledges that the Village of Maywood cannot be held liable for the §1983 violations of its employees under a theory of *respondeat superior*. *See Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998). Plaintiff also denies pursuing any *Monell* claims, as they are not applicable here. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978) (finding a municipality can only be liable under § 1983 if the constitutional violations at issue are caused by a municipal policy or custom). Rather, Plaintiff names Defendant Village of Maywood in the request for relief in Counts I, II, IV, and V as a foundation for Count VII, a claim against the Village for indemnification under 745 ILCS 10/0-102.

Under 745 ILCS 10/0-102, Plaintiff may collect her judgment from the Village of Maywood if the Defendant Officers, while acting within the scope of their employment, are found liable for violations of 42 U.S.C. § 1983. *See Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998). Defendants do not seek dismissal of Count VII. Seeing as Plaintiff has properly plead a separate state law claim against the Village of Maywood for indemnification of any potential judgments against Officers Daniel and Butler in Counts I, II, IV, and V, Plaintiff need not re-name the Village in those Counts. Doing so only invites confusion as to the assertion of *Monell* claims. Accordingly, the Court strikes Defendant Village of Maywood from Counts I, II, IV, and V.

Defendants also argue for the dismissal of Count III in its entirety, asserting that Plaintiff's allegations are insufficient to state a claim. In Illinois, a plaintiff must plead the

following five elements when stating a claim for malicious prosecution: (1) the commencement or continuance of a judicial proceeding by defendants; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009).

With regard to the first element, Defendants incorrectly argue that only prosecutors, as opposed to police officers, may "initiate" or "continue" judicial proceedings for the purposes of a malicious prosecution claim. To the contrary, under Illinois law, "a prosecution is commenced by a complaint, an information, or an indictment." *Mulligan v. Village of Bradley*, 475 N.E.2d 1029, 1032 (Ill. App. Ct. 1985). Indeed, "[a] defendant is considered to have commenced criminal proceedings if he initiated a criminal proceeding or his participation [was] of so active and positive a character as to amount to advice and cooperation." *Fabiano v. City of Palos Hills*, 784 N.E.2d 258, 270 (Ill. App. Ct. 2002) (citations omitted).[1] The filing of criminal charges by police officers meets this bar. *See, e.g.*, *Porter v. City of Chicago*, 912 N.E. 2d 1262, 1273 (Ill. App. Ct. 2009); *Woods v. Clay*, 01 C 6618, 2005 WL 43239, at *15 (N.D. Ill. Jan. 10, 2005).

Plaintiff alleges that Officer Daniel not only filed false charges against her but continued to testify falsely at Plaintiff's trial. These allegations are sufficient to satisfy the first element of a malicious prosecution claim. *See Ewing v. O'Brien*, 60 F.Supp.2d 813, 818 (N.D. Ill. 1999) (rejecting defendants' argument that only prosecutors, as opposed to police officers, can be held liable for malicious prosecution, where officers charged plaintiff without probable cause and testified falsely in criminal proceedings); *Marshall v. Buckley*, 08 C 6793, 2009 WL 2475441, at *7 (N.D. Ill. Aug. 13, 2009) (finding proper pleading of a state law malicious prosecution claim where officers allegedly filed false charges to divert attention away from their own misconduct).

---

[1] As such, prosecutors are hardly the only possible defendants in criminal malicious prosecution claims. Even a private person can be liable for malicious prosecution upon knowingly giving the police false information to induce an arrest. *See Denton v. Allstate Ins. Co.,* 504 N.E.2d 756, 760 (Ill. App. Ct. 1986).

6

As to the second element, Plaintiff was acquitted of all charges. Officer Daniel allegedly filed these charges without cause, thus satisfying the third element. Malice – the fourth element – may be inferred from the Defendant's alleged lack of probable cause. *Salmen v. Kamberos*, 565 N.E.2d 6, 10 (Ill. App. Ct. 1990) (citing *Mack v. First Security Bank*, 511 N.E.2d 714, 714 (Ill. App. Ct. 1987)) (defining malice as the initiation of a prosecution for any reason other than to bring a party to justice, and affirming that a trier of fact may infer malice from lack of probable cause, if no other credible evidence refutes that inference). Finally, Plaintiff alleges that she incurred damages in the form of severe physical injuries, including knee and shoulder trauma requiring surgery, as well as emotional damages. Thus, Plaintiff's factual allegations in Count III plausibly support a state law malicious prosecution claim for which she would be entitled to relief. Count III survives Defendants' motion to dismiss.

Finally, Defendants argue that Plaintiff's claim against Defendant Village of Maywood under the state law theory of *respondeat superior* in Count VI is duplicative of Plaintiff's malicious prosecution claim in Count III, for which Plaintiff also names the Village in its request for relief. For the purposes of clarity, the Court strikes Defendant Village of Maywood from Count III. Should Officer Daniel be found liable for malicious prosecution under Count III, Plaintiff may still seek to impose liability on the Village under Count VI, on a showing that Daniel acted within the scope of her employment.

### IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants' motion to dismiss Counts I, II, III, IV, and V against Defendant Village of

7

Maywood is GRANTED, although these claims are preserved against Defendant Officers.

Defendants' motion to dismiss Counts VI in its entirety is DENIED.

                                                        Enter:

                                                        /s/ David H. Coar

                                                        _____
                                                        David H. Coar
                                                        United States District Judge

Dated: **October 23, 2009**